IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAWN M. BEST,

                Plaintiff,

v.                                               ORDER

CAROLYN W. COLVIN,                             13-cv-837-jdp
  Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Dawn M. Best brought this case to appeal the Commissioner's decision denying her application for disability benefits. After full briefing, the court reversed the Commissioner's decision and remanded the case. Dkt. 22. On remand, the Commissioner found Best disabled and awarded substantial past-due benefits. Dkt. 30-2, at 2. Best had agreed under a contingency fee agreement to pay her counsel 25 percent of the past-due benefits in the event that she prevailed, Dkt. 30-1, at 1, and the Social Security Administration has withheld $21,799.45, which is 25 percent of her past-due benefits, Dkt. 30-2, at 2. This court previously awarded fees in the amount of $5,700 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 28.

Best's attorneys, Thomas Bush and Meredith Marcus,[1] now seek their fees under 42 U.S.C. § 406(b) in the amount of $21,799.45. Dkt. 30, at 2 and Dkt. 30-2, at 2. The Commissioner does not oppose the fee petition. Dkt. 31. The court will grant the unopposed petition.

---

[1] Best's fee agreement with attorney Bush allows Bush to retain "associate or outside counsel" as long as the attorney does not increase the total fee amount. Dkt. 30-1, at 1.

When a federal district court enters a judgment in favor of a social security claimant, the court may award a "reasonable fee" for the counsel's work before the court, "not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A); *accord McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness."). When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Here, Best's attorneys indicate that they spent a total of 32.62 hours litigating the case before this court, with most of 31.75 hours, constituting attorney time. Dkt. 30, at 2; Dkt. 30-3, at 1; Dkt. 30-4, at 1-2. The award is equivalent to an attorney compensation rate of approximately $686.60 per hour (25 percent of the total of the past-due benefits, the maximum allowed under § 406(b) divided by 31.75 hours). This puts the proposed fee award on the higher end of the spectrum, but courts have approved even higher fee awards, such as $694.44 and $1,500. *See Koester*, 482 F. Supp. 2d at 1083 (collecting cases). Both attorneys have substantial experience handling social security cases. *See* Dkt. 30-5 (Bush resume) and

2

Dkt. 30-6 (Marcus resume). Their submissions were well prepared, and they obtained very favorable results for Best.

Best's counsel may collect 25 percent of Best's past-due benefits, which amounts to $21,799.45. But they must refund the $5,700 fee awarded by the court under the EAJA, Dkt. 30, at 2.

ORDER

IT IS ORDERED that plaintiff's attorneys' unopposed petition for attorney fees pursuant to § 406(b)(1), Dkt. 30, is GRANTED. The court approves the representative fee award of $21,799.45 and directs plaintiff's attorneys to refund the $5,700 fee awarded under the Equal Access to Justice Act.

Entered December 27, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge